1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12    QUILLIE L. HARVEY, JR.,                )
                                             )
13              Plaintiff(s),                )          No. C 05-5398 CRB (PR)
                                             )
14        v.                                 )          ORDER
                                             )
15    G. JORDAN, et al.,                     )          (Docs # 19 & 23)
                                             )
16              Defendant(s).                )
      _____   )

17

18          Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), filed a pro se

19    civil rights complaint under 42 U.S.C. § 1983 alleging that, on or about July 29,

20    2004,  prison officials used excessive force when they unnecessarily used tear gas

21    to extract him from his cell.  He also alleges that he was denied due process at

22    subsequent classification and disciplinary hearings, treated more harshly than

23    Hispanic inmates who were also extracted from their cells and that the prison's

24    appeals process did not address properly any of these violations.

25          Per order filed on March 28, 2006, the court dismissed plaintiff's

26    allegations regarding shortcomings in the prison's administrative appeals process,

27    and prison officials' improper actions in connection therewith, under the authority

28    of 28 U.S.C. § 1915A(b).  The court explained:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

It is well-established that there is no constitutional right to a prison administrative appeal or grievance system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  And a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison appeal process is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same).  Plaintiff's allegations regarding shortcomings in the prison's administrative appeals process, and prison officials' improper actions in connection therewith, fail to state a claim under § 1983 and are dismissed  See id.

Mar. 28, 2006 Order at 2.  The court found that plaintiff's allegations of use of excessive force, denial of procedural due process in connection with classification and disciplinary hearings and denial of equal protection appear to state cognizable claims under § 1983 and ordered them served on the named defendants.  See id.

Plaintiff has since inundated the court with numerous filings, including an objection to the dismissal of some of his claims and multiple requests, letters, motions.  He also has filed an amended complaint seeking to reintroduce the claims the court dismissed in its March 28, 2006 order.

Plaintiff's objections to the dismissal of his allegations regarding shortcomings in the prison's administrative appeals process, and prison officials' improper actions in connection therewith, are without merit.  It matters not that he now tries to couch them in terms of his First Amendment right to petition the government or of access to the courts.  Although plaintiff has a First Amendment right to petition the government for redress of grievances, he has no right to a response or any particular action.  See, e.g., Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (prisoner's right to petition the government for redress is not compromised by the prison's refusal to entertain the grievance).  And although he also has a right of access to the courts, the timely filing of this § 1983 action

1  makes clear that the hindrances of which he complains did not cause him an

2  actual injury to court access.  See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996)

3  (examples of impermissible hindrances resulting in an actual injury to court

4  access include a prisoner whose complaint was dismissed for failure to satisfy

5  some technical requirement which, because of deficiencies in the prison's legal

6  assistance facilities, he could not have known; and a prisoner who had "suffered

7  arguably actionable harm" that he wished to bring to the attention of the court,

8  but was so stymied by the inadequacies of the library that he was unable even to

9  file a complaint); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing

10  with district court that prisoner "did not allege injury, such as inability to file a

11  complaint or defend against a charge, stemming from the restrictions on his

12  access to the law library").  Plaintiff's amended complaint is DISMISSED under

13  the authority of 28 U.S.C. § 1915A(b).  Plaintiff original complaint shall remain

14  the operative complaint in this matter and this matter shall remain limited to

15  plaintiff's core allegations of use of excessive force, denial of procedural due

16  process in connection with classification and disciplinary hearings and denial of

17  equal protection.  Although regrettable, plaintiff's allegations regarding

18  shortcomings in the prison's administrative appeals process, and prison officials'

19  improper actions in connection therewith, are not an additional basis for relief

20  under § 1983.

21  Plaintiff's motion for appointment of counsel (doc # 19) is DENIED for

22  lack of exceptional circumstances.  See Wilborn v. Escalderon, 789 F.2d 1328,

23  1331 (9th Cir. 1986).

24  Plaintiff's motion for a temporary restraining order ("TRO") and/or

25  preliminary injunction (doc # 23) is DENIED without prejudice to raising in the

26  context of a new action.  The basis for the motion are occurrences or events that

27

28

3

1   took place well after the filing of this action.  See Manning v. City of Auburn,

2   953 F.2d 1355, 1359-60 (11th Cir. 1992) (supplemental pleadings setting forth

3   occurrences or events which happened after the date of the original complaint are

4   optional; claims not filed in a supplemental complaint may be filed in a separate

5   lawsuit).  Moreover, plaintiff cannot obtain a TRO or preliminary injunction

6   without first satisfying the notice requirements of Federal Rule of Civil

7   Procedure 65.  Prior to granting a preliminary injunction, notice to the adverse

8   party is required.  Fed. R. Civ. P. 65(a)(1).  A motion for preliminary injunction

9   therefore cannot be decided until the parties to the action are served, and they

10  have not yet been served here.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir.

11  1983).  A TRO may be granted without written or oral notice to the adverse party

12  or that party's attorney if: (1) it clearly appears from specific facts shown by

13  affidavit or by the verified complaint that immediate and irreparable injury, loss

14  or damage will result to the applicant before the adverse party or the party's

15  attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff

16  himself in this case, as he proceeds pro se) certifies in writing the efforts, if any,

17  which have been made to give notice and the reasons supporting the claim that

18  notice should not be required.  Fed. R. Civ. P. 65(b).  Plaintiff has not satisfied

19  both requirements.

20  SO ORDERED.

21  DATED:  June 5, 2006

22  _____
    CHARLES R. BREYER
    United States District Judge

23

24

25

26

27

28                                          4