IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUILLIE L. HARVEY, JR., | ) | |
| Plaintiff(s), | ) | No. C 05-5398 CRB (PR) |
| v. | ) | ORDER |
| G. JORDAN, et al., | ) | |
| Defendant(s). | ) | |

      Plaintiff, a prisoner at Salinas Valley State Prison, filed a pro se complaint under 42 U.S.C. § 1983 alleging that, on or about July 29, 2004, prison officials used excessive force when they unnecessarily used tear gas to extract him from his cell.  Plaintiff further alleged that he was denied due process in connection with subsequent disciplinary and classification proceedings, treated more harshly than Hispanic inmates who also were extracted from their cells, and that the prison's appeals process did not address properly any of these violations.

      Per order filed on March 28, 2006, the court found that plaintiff's allegations of use of excessive force, denial of due process in connection with subsequent disciplinary and classification proceedings, and denial of equal protection, appear to state cognizable claims under § 1983, when liberally construed, and ordered them served on the named defendants.  The court dismissed plaintiff's allegations regarding shortcomings in the prison's administrative appeals process, and prison officials' improper actions in connection therewith, under the authority of 28 U.S.C. § 1915A(b).

1  Defendants moved to dismiss plaintiff's claims of use of excessive force,
2 denial of due process in connection with his disciplinary hearing and denial of
3 equal protection under Rule 12(b) of the Federal Rules of Civil Procedure on the
4 ground that plaintiff did not properly exhaust available administrative remedies
5 under 42 U.S.C. § 1997e(a) as to those claims before he filed suit.  Defendants
6 also moved to dismiss plaintiff's claims of denial of equal protection and denial
7 of due process in connection with his reclassification (and actual placement in
8 administrative segregation) under Rule 12(b)(6) on the ground that they fail to
9 state a claim upon which relief may be granted.
10  Per order filed on December 18, 2006, the court granted defendants'
11 motion to dismiss as follows: (1) plaintiff's claims of use of excessive force,
12 denial of due process in connection with his disciplinary hearing and denial of
13 equal protection are dismissed for failure to properly exhaust available
14 administrative remedies under 42 U.S.C. § 1997e(a) before filing suit; and (2)
15 plaintiff's claim of denial of due process in connection with classification (and
16 actual placement in administrative segregation) is dismissed for failure to state a
17 claim upon which relief may be granted.  Plaintiff appealed the dismissal of his
18 claims of use of  excessive force and denial of due process in connection with his
19 disciplinary hearing for failure to properly exhaust available administrative
20 remedies.
21  Per opinion filed on May 11, 2010, the Ninth Circuit affirmed in part,
22 vacated in part and remanded.  The appellate court found that plaintiff had not
23 properly exhausted his administrative remedies in connection with his claim of
24 use of excessive force and accordingly affirmed the district court's dismissal of
25 said claim.  Harvey v. Jordan, No. 07-15023, slip op. 6863, 6869 (9th Cir. May
26 11, 2010).  But the appellate court found that plaintiff had exhausted the

administrative process in connection with his claim of denial of due process in connection with his disciplinary hearing and accordingly reversed the district court's dismissal of said claim for failure to exhaust administrative remedies. Id. at 6872.

Pursuant to the mandate of the Ninth Circuit, plaintiff may proceed with his claim of denial of due process in connection with his disciplinary hearing on charges that he refused to comply with a cell search. Within 90 days of this order, defendants shall file a motion for summary judgment or other dispositive motion in connection with the claim, or otherwise advise the court that they are of the opinion that the claim cannot be resolved by summary judgment or other dispositive motion.

Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material

1  fact for trial.  If you do not submit your own evidence in opposition, summary
2  judgment, if appropriate, may be entered against you.  If summary judgment is
3  granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
4  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).
5       Defendants shall file a reply brief within 15 days of the date on which
6  plaintiff serves them with the opposition.
7       The motion shall be deemed submitted as of the date the reply brief is due.
8  No hearing will be held on the motion unless the court so orders at a later date.
9  SO ORDERED.
10  DATED: <u>June 29, 2010</u>
11                                  CHARLES R. BREYER
                                United States District Judge

G:\PRO-SE\CRB\CR.05\Harvey1.or9.wpd